UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ATLANTIC MARITIME SERVICES, LLC | § | CIVIL ACTION No. |
| | § | |
| Plaintiff, | § | SECTION " " |
| VS. | § | |
| | § | DIVISION " " |
| ECOPETROL AMERICA, LLC, | § | |
| *in rem* | § | JUDGE: |
| | § | MAGISTRATE: |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

**VERIFIED COMPLAINT IN REM SEEKING RECOGNITION AND ENFORCEMENT OF ATLANTIC MARITIME SERVICE, LLC'S LIEN AND PRIVILEGE RIGHTS SOLELY WITH RESPECT TO THE SUBJECT INTERESTS OF ECOPETROL AMERICA, LLC AND ENFORCING SUCH RIGHTS BY WRIT OF SEQUESTRATION**

**NOW HERE COMES** Atlantic Maritime Services, LLC (the "*Plaintiff*") and files this Verified Complaint seeking recognition of the Plaintiff's lien and privilege rights solely with respect to the Subject Interests (defined hereinbelow) of Ecopetrol America, LLC ("*Ecopetrol*"), and enforcing such rights by writ of sequestration, specifically reserving any and all rights to seek additional legal or equitable relief against other property or persons accountable for the claims stated herein.  In support of the Verified Complaint, the Plaintiff respectfully shows as follows:

**Parties**

1.      The Plaintiff is a Delaware limited liability company with its principal place of business located at 5847 San Felipe Street, Suite 3300, Houston, TX 77057. The Plaintiff is a wholly-owned subsidiary of Valaris plc, debtor-in-possession in bankruptcy case no. 20-34114, pending before the Bankruptcy Court for the Southern District of Texas. (Bankr. S.D. Tex. 20-34114, ECF Doc. 1).

2.      Ecopetrol is a Delaware limited liability company with a principal place of business

1

located at 2800 Post Oak Boulevard, Suite 5110, Houston, TX 77056.

## Jurisdiction and Venue

3.      This Court has jurisdiction over this matter because the case and controversy herein arises out of, and in connection with, operations conducted on the Outer Continental Shelf for the exploration, development, or production of minerals, subsoil, and seabed of the Outer Continental Shelf. Thus, jurisdiction exists pursuant to the Outer Continental Shelf and Lands Act, 43 U.S.C. §1349(b)(1).

4.      Venue is proper in this District under 43 U.S.C. §1349(b)(1) because this is the "judicial district of the State nearest the place the cause of action arose."

## Factual Allegations

5.      The Plaintiff is lawfully engaged in the business of furnishing labor, equipment, machinery, materials, and services, including drilling services, in support of drilling, development, exploration and/or operation of oil and gas wells.

6.      Based on the records of the Bureau of Ocean Energy Management ("*BOEM*"), Ecopetrol holds a 31.5% working interest in a certain lease situated in the Outer Continental Shelf, OCS-G-28030, Mississippi Canyon Area, Block 948 (the "*Lease*"), containing Well #4 (API 608174129900) (the "*Well*"), for which Fieldwood Energy, LLC (the "*Operator*") serves as operator of record.

7.      Between June 4, 2020 and July 4, 2020, the Plaintiff furnished goods, equipment, supplies, and services for and in connection with the drilling and/or operation of the Lease and Well in the total principal amount of $5,824,744.68, as reflected in the invoices and work tickets attached hereto. *See* Exhibits 1-4, pp. 5-17, pp. 5-17, pp. 5-17, and pp. 4-16, respectively.

8.      Pursuant to La. R.S. § 9:4861, *et seq.* ("*LOWLA*"), the Plaintiff is granted a

privilege and lien (the "*Lien*") to secure payment owed for the goods, equipment, supplies, services, and other materials provided by the Plaintiff for the benefit of the Lease and Ecopetrol.

9.      The Plaintiff properly preserved, perfected, and maintained the perfection of the Lien by filing and recording the following lien affidavits (the "*Lien Affidavits*") on July 16, 2020:

(i)   Statement of Privilege in the amount of $5,824,744.68, in favor of the Plaintiff, against Lease No. OCS-G-28030, Mississippi Canyon, Block 948, filed and recorded in the mortgage records of St. Tammany Parish, as Instrument No. 2215417, Reg. No. 2705279 (attached hereto and incorporated by reference as **Exhibit 1**);

(ii) Statement of Privilege in the amount of $5,824,744.68, in favor of the Plaintiff, against Lease No. OCS-G-28030, Mississippi Canyon, Block 948, Orleans Parish as Instrument No. 2020-24965, MIN: 1334982 (attached hereto and incorporated by reference as **Exhibit 2**);

(iii) Statement of Privilege in the amount of $5,824,744.68, in favor of the Plaintiff, against Lease No. OCS-G-28030, Mississippi Canyon, Block 948, filed and recorded in St. Bernard Parish as File No. 633342, Book 1945, Pages 454-470 (attached hereto and incorporated by reference as **Exhibit 3**); and

(iv) Statement of Privilege in the amount of $5,824,744.68, in favor of the Plaintiff, against Lease No. OCS-G-28030, Mississippi Canyon, Block 948, filed and recorded in Plaquemines Parish, as File #2020-00002805, Book 772, Pages 616-632 (attached hereto and incorporated by reference as **Exhibit 4**).

10.     The Lien Affidavits were each filed within 180 days of the completion of the work, materials, tools, and equipment supplied by the Plaintiff in connection with the drilling, development, exploration and/or the operation of the Lease on July 4, 2020. The Plaintiff provided notice to the Operator by certified mail, delivered on July 20, 2020.

11.     On August 3, 2020, the Operator filed a voluntary petition for bankruptcy relief, commencing case no. 20-33948 (the "*Bankruptcy Case*") before the United States Bankruptcy Court for the Southern District of Texas (the "*Bankruptcy Court*").[1] (Bankr. S.D. Tex. 20-33948,

---

[1] As reflected in the reservations of rights throughout this Verified Complaint, the Plaintiff does not seek recognition or enforcement of its Lien against the Operator or any of its property interests; however, the Plaintiff expressly reserves the right, to the extent necessary, to seek relief from the automatic stay in the Bankruptcy Case to enforce its rights against Ecopetrol's interest in the hydrocarbons produced with respect to the Lease and the Subject Interests, as well

3

ECF Doc. 1).

12.     The principal amount owed for the work described above, $5,824,744.68, remains past due and owing, together with attorneys' fees up to ten percent (10%) of the amount due, costs for preparing the Lien Affidavits and notice of *lis pendens*, and interest.

## CLAIMS FOR RELIEF

### Count I: Recognition and Enforcement of Plaintiff's Lien against the Subject Interests

13.     The Plaintiff incorporates hereinbelow all allegations in the preceding paragraphs.

14.     LOWLA grants claimants like the Plaintiff a privilege and lien to secure payment for their work by operation of law.

15.     The lien and privilege afforded under LOWLA is established over:

(1) "The operating interest under which the operations giving rise to the claimant's privilege are conducted, together with the interest of the lessee of such interest in a:

   (a) Well, building, tank, leasehold pipeline, and other construction or facility on the well site.

   (b) Movable on a well site that is used in operations, other than a movable that is only transiently on the well site for repair, testing, or other temporary use.

   (c) Tract of land, servitude, and lease described in R.S. 9:4861(12)(c) covering the well site of the operating interest.

(2) Drilling or other rig located at the well site of the operating interest if the rig is owned by the operator or by a contractor from whom the activities giving rise to the privilege emanate.

(3) The interest of the operator and participating lessee in hydrocarbons produced from the operating interest and the interest of a non-participating lessee in hydrocarbons produced from that part of his operating interest subject to the privilege.

---

as the proceeds of the sales of such hydrocarbons to third-party purchasers. The Plaintiff further reserves the right to seek any other relief from the Bankruptcy Court or otherwise with respect to the Operator or any other persons or properties accountable for the claims herein.

(4) The proceeds received by, and the obligations owed to, a lessee from the disposition of hydrocarbons subject to the privilege." (together, the "*LOWLA Properties*").

La. R.S. § 9:4683(A)(1-4).

16.     In this lawsuit, the Plaintiff seeks recognition and enforcement of its Lien solely with respect to Ecopetrol's interest in the specific property interests of Ecopetrol included within La. R.S. § 9:4683(A)(1-4) (collectively the "*Subject Interests*"), expressly reserving any and all rights to seek recovery of additional amounts associated with any sales proceeds derived from the sale of the hydrocarbons produced from the Lease, insofar as the automatic stay arguably prevents Plaintiff from seizing and garnishing such proceeds to the extent such proceeds are commingled with proceeds attributable to the sale of hydrocarbons owned by the Operator in the absence of an order from the Bankruptcy Court modifying or lifting the automatic stay as to such proceeds.

17.     Additionally, pursuant to La. R.S. § 9:4862(B)(3), the Plaintiff seeks recognition of its right to recover against the Subject Interests the cost of preparing and filing the Lien Affidavits and the notice of *lis pendens* authorized to be filed under La. R.S. § 9:4865(c), which the Plaintiff intends to file during the period allotted thereunder.

18.     Furthermore, pursuant to La. R.S. § 9:4862(B)(2) and (4), the Plaintiff seeks recognition of its right to enforce against the Subject Interests claims to recover reasonable attorneys' fees not to exceed ten percent (10%), as well as interest.

### Count II: Request for Writ of Sequestration against the Subject Interests

19.     The Plaintiff incorporates hereinbelow all allegations in the preceding paragraphs.

20.     Louisiana law recognizes that sequestration is warranted when a plaintiff claims a privilege against the property of a defendant, and "it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from

the parish, during the pendency of the action." La. Code Civ. P. art. 3571.

21.     Additionally, Louisiana law provides that, for liens and privileges under LOWLA, "[a] claimant may enforce his privilege by a writ of sequestration, without the necessity of furnishing security." La. R.S. § 9:4871.

22.     Through this action, the Plaintiff seeks to enforce the Lien against property of Ecopetrol, the Subject Interests, except that Plaintiff does not seek to seize any of the Subject Interests to the extent such Subject Interests are commingled with property of the Operator and the seizure thereof would potentially violate the automatic stay in the Operator's Bankruptcy Case.

23.     As holder of the Subject Interests, Ecopetrol has the power to alienate or encumber the Subject Interests.

24.     To protect the Plaintiff's Lien, it is necessary that a Writ of Sequestration issue, in accordance with La. Code Civ. P. Art. 3571, *et seq.*, and without security in accordance with La. R.S. § 9:4871, directing the United States Marshal to seize and to hold the Subject Interests until further Order from this Court, and to record the Writ of Sequestration in the records of the Clerks of Court for the Parishes of Orleans, St. Tammany, St. Bernard, and Plaquemines, and in the records of BOEM.

25.     The Plaintiff reserves the right to amend the Verified Complaint to name as defendants all other working-interest owners of the Lease, including the Operator,[2] and all purchasers of the gas, oil and distillate produced and saved from wells located on the Lease, for the purpose of this Court entering judgment against those purchasers, ordering them to turn over to the Plaintiff all proceeds derived from the Lease in an amount sufficient to pay the full amount

---

[2] Inclusion of the Operator in this lawsuit shall be subject in all respects to the automatic stay associated with the Operator's Bankruptcy Case and Plaintiff shall seek such relief as is required from the Bankruptcy Court prior to amending this Verified Complaint to include any request for relief with respect to the Operator or the Operator's property.

of the indebtedness owed to the Plaintiff, including principal, interest, expenses, attorneys' fees and costs, as permitted by law.

26.    The Plaintiff further reserves all rights to file a motion to lift or otherwise modify the automatic stay in the Bankruptcy Case, seeking the sequestration and garnishment of the proceeds of the other working-interest owners from sale of the hydrocarbons in connection with the Lease.

27.    Therefore, on the basis of the allegations above, verified by the Plaintiff's authorized representative, Ben Rose, and further supported by the Exhibits attached hereto, the Plaintiff respectfully prays for recognition and enforcement of its Lien and issuance of a writ of sequestration solely with respect to the Subject Interests, in substantially the same form as the Writ of Sequestration attached hereto.

**WHEREFORE**, the Plaintiff, Atlantic Maritime Services, LLC, respectfully prays that this Court:

(i)    Recognize the lien and privilege in favor of Atlantic Maritime Services, LLC in the amount of $5,824,744.68, together with interest, attorneys' fees, the costs of preparing and filing the lien affidavits, and all court costs, solely with respect to Ecopetrol America, LLC's interest in the specific property interests of Ecopetrol America, LLC included within La. R.S. § 9:4683(A)(1-4) (the "*Subject Interests*");

(ii)    Issue a writ of sequestration, the requirement of security having been dispensed with by law, directing the United States Marshal to serve or cause to be served the Writ of Sequestration on Ecopetrol America, LLC and to record the Writ of Sequestration in the records of the Clerks of Court for the Parishes of St. Tammany, Orleans, St. Bernard, and Plaquemines, and in the records of the United States of America, Bureau of Ocean Energy Management; and

(iii)    Issue final judgment in favor of Atlantic Maritime Services, LLC and against the Subject Interests in the amount of $5,824,744.68, together with interest, attorneys' fees, the costs of preparing and filing the lien affidavits, and all court costs.

7

Respectfully submitted,

LUGENBUHL, WHEATON, PECK
RANKIN & HUBBARD

*/s/ Stewart F. Peck*
STEWART F. PECK (#10403)
JAMES W. THURMAN (#38494)
601 Poydras Street Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email:speck@lawla.com;
jthurman@lawla.com

*Counsel for Atlantic Maritime Services, LLC*

**PLEASE ISSUE SUMMONS:**

**Ecopetrol America, LLC**
Care of its Registered Agent,
C T Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136

8