UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ATLANTIC MARITIME SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO. 20-3097<br>C/W: 20-3099 |
| ECOPETROL AMERICA, LLC ET AL. | SECTION: "J"(1) |

Applies to: 20-3097, 20-3099

## ORDER AND REASONS

Before the Court are two *Ex Parte Motions for Issuance of Writs of Sequestration* **(Rec. Docs. 51 & 52)**, filed by Plaintiff, Atlantic Maritime Services, LLC. For the following reasons, the Court finds that the motions should be **GRANTED**, and the writs of sequestration should issue.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff Atlantic Maritime Services, LLC alleges that from January to July of 2020, it "furnished goods, equipment, supplies, and services . . . for, and in connection with, the drilling of certain wells on two offshore leases in which the Defendants held (and continue to hold) working interests." (Rec. Doc. 50, at ¶ 9). Plaintiff performed these services pursuant to a contract between Plaintiff and the designated operator on the two leases, Fieldwood Energy LLC ("Fieldwood"). However, Fieldwood filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, and Plaintiff alleges that it is still owed the following principal amounts: (1) $5,824,743.68 for services performed on mineral lease OCS-G-28030

located in the Mississippi Canyon Area, Block 948, of the Outer Continental Shelf adjacent to the coast of Louisiana, a lease in which Defendants Ecopetrol America, LLC and Talos Energy Offshore LLC are interest owners; and (2) $7,111,706.55 for services performed on mineral lease OCS-G-34536 located on the Green Canyon Area, Block 40, in which Defendants Ridgewood Katmai, LLC and ILX Prospect Katmai, LLC are working interest owners.

Plaintiff now seeks to have its Louisiana Oil Well Lien Act ("LOWLA") privileges recognized and enforced with respect to the subject interests of Defendants in this consolidated action.

## **LEGAL STANDARD**

Rule 64 of the Federal Rules of Civil Procedure provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment," and one such remedy available under the rule is "sequestration." Fed. R. Civ. P. 64. Under Louisiana law, a party who holds a security interest in property may have that property seized under a writ of sequestration "if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom . . . during the pendency of the action." La. Code Civ. P. art. 3571.

A writ of sequestration does not effect a transfer of title to the property, but instead, it is a conservatory writ that is "intended to preserve property pending the outcome of a judicial proceeding." *Grantt Guillory Enters., Inc. v. Quebedeaux*, 110

So. 3d 182, 189 (La. App. 3 Cir. 2013). For a writ of sequestration to issue, a claimant must meet strictly construed pleading requirements that are provided in Louisiana Code of Civil Procedure article 3501:

> A writ of attachment or of sequestration shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent.

La. Code Civ. P. art. 3501. Furthermore, when the petitioner "alleges adequate and valid grounds to support it," the issuance of a writ of sequestration will be legal even if those grounds "are later disproved." *Rocket Indus., Inc. v. S. Tire & Supply, Inc.*, 706 F.2d 561, 563 (5th Cir. 1983).

Additionally, under Louisiana law, writs of sequestration may issue upon *ex parte* application, without notice to the debtor or an opportunity for the debtor to be heard. The United States Supreme Court has concluded that this proceeding does not violate the U.S. Constitution's guarantee of due process, in part because Louisiana law provides procedures whereby the debtor may seek to dissolve the writ or "regain possession by filing his own bond." *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 604–07 (1974). Finally, the party seeking the writ of sequestration is not required to demonstrate "that the defendants actually would conceal, dispose of, or waste the encumbered property; rather, it need only show that defendants have the power to do so." *Express Supply & Steel*, No. 23-154, 2023 WL 172045, at *1 (E.D. La. Jan. 12, 2023) (citing *CEF Funding, LLC v. Huey*, No. 09-2978, 2009 WL 10681986, at *2 (E.D. La. June 2, 2009)).

## DISCUSSION

In this case, Plaintiff claims privileges over specified interests and properties of Defendants pursuant to the Louisiana Oil Well Lien Act ("LOWLA"), La. Stat. Ann. § 9:4861 *et seq.*, an act whose purpose is "to protect those . . . who contribute labor, services, and equipment to the drilling of wells from the default of those who engage them." *Guichard Drilling Co. v. Alpine Energy Servs., Inc.*, 657 So. 2d 1307, 1312 (La. 1995) (citations omitted). Based on this purpose, the legislature decided to place "the risk of the contractor's insolvency or failure to pay on those with an interest in the lease." *Id.* at 1312–13. Moreover, "[i]t is well settled under the Oil Well Lien Act that the privilege created by La. R.S. 9:4861 attaches to all property listed in the statute, regardless of ownership, and requires no contractual relationship between the supplier of labor, service, or equipment and the owner of the lease or equipment." *Id.* at 1312 (citations omitted).

Property subject to the privilege created by LOWLA includes, but is not limited to, the following:

> (1) The operating interest under which the operations giving rise to the claimant's privilege are conducted together with the interest of the lessee of such interest in a:
>
> > (a) Well, building, tank, leasehold pipeline, and other construction or facility on the well site.
> >
> > (b) Movable on a well site that is used in operations, other than a movable that is only transiently on the well site for repair, testing, or other temporary use.
> >
> > (c) Tract of land, servitude, and lease described in R.S. 9:4861(12)(c) covering the well site of the operating interest.

La. Stat. Ann. § 9:4863(A)(1). Additionally, the LOWLA privilege attaches to any "[d]rilling or other rig located at the well site" when that rig is owned by the operator or contractor; the "interest of the operator and participating lessee in hydrocarbons produced from the operating interest and the interest of a non-participating lessee in hydrocarbons produced from that part of his operating interest subject to the privilege"; and the "proceeds received by, and the obligations owed to, a lessee from the disposition of hydrocarbons subject to the privilege." La. Stat. Ann. § 4863(A)(2)–(4).

LOWLA provides for the enforcement of a lien, or privilege, through a writ of sequestration. La. Stat. Ann. § 9:4871. The privilege under LOWLA is created as a matter of law, but privilege holders must take certain steps to preserve the privilege and make it effective as to third parties. *See* La. Stat. Ann. §§ 4864, 4865. Specifically, the claimant must (1) file a statement of privilege in the mortgage records of the parish(es) adjacent to the offshore mineral lease within 180 days of last performing services at the well site; (2) institute an action to enforce the privilege within one year of the date when the statement of privilege was filed; and (3) file a notice of *lis pendens* in the mortgage records of the appropriate parish(es) within thirty days of instituting the action. La. Stat. Ann. § 4865.

Here, Plaintiff Atlantic Maritime Services, LLC has fulfilled the statutory requirements for a writ of sequestration. Plaintiff's verified consolidated complaint and its motions for issuance of writs of sequestration include the nature and amount of the claims that are secured by its privileges, and the grounds for the writ "clearly

appear from specific facts shown by the petition." La. Code Civ. P. art. 3501. In accordance with Louisiana Revised Statutes § 9:4863, Plaintiff alleges privileges over the following interests and property: (1) Defendants' interests in the mineral leases for which Plaintiff provided services, together with Defendants' interests in the properties enumerated in Louisiana Revised Statutes § 9:4863(A)(1)(a)–(c), (2) any rig(s) owned by Defendants located at the well sites; (3) Defendants' interests in hydrocarbons produced from the well sites; and (4) the "proceeds received by, and the obligations owed to," Defendants "from the disposition of hydrocarbons subject to the privilege." La. Stat. Ann. § 9:4863. In addition, Plaintiff seeks enforcement of its LOWLA privileges for (1) interest due on the principal amounts, (2) the costs associated with preparing and filing the statements of privilege and *lis pendens* notices, and (3) 10% of the total amount due for attorneys' fees incurred in enforcing Plaintiff's privileges, all of which are statutorily authorized under Louisiana Revised Statutes § 9:4862.

Plaintiff further alleges that it has taken the necessary steps to perfect and preserve its privileges against third parties. Namely, Plaintiff provided evidence that it timely filed and recorded statements of privilege in the mortgage records of the multiple parishes that are adjacent to the two mineral leases within 180 days of its last activity at these well sites. Then, Plaintiff timely instituted actions to enforce its privileges against Defendants when it filed its original complaints in the actions that form this consolidated matter. Thirdly, Plaintiff also recorded notices of *lis pendens* in the appropriate mortgage records. Finally, Plaintiff has also alleged that as

interest holders in the mineral leases, Defendants have the power to alienate, dispose of, waste, or encumber the subject interests to which Plaintiff's LOWLA privileges attach. (Rec. Doc. 50 ¶¶ 48, 64). Therefore, Plaintiff has complied with all of the statutory requirements to enforce its LOWLA privileges, and Plaintiff's verified consolidated complaint (Rec. Doc. 50) and motions for issuance of writs of sequestration (Rec. Docs. 51, 52) allege "adequate and valid grounds to support" this Court's issuance of the writs. *Rocket Indus., Inc.*, 706 F.2d at 563.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Ex Parte Motions for Issuance of Writs of Sequestration* **(Rec. Docs. 51 & 52)** are **GRANTED**. The Court will issue the proposed Orders and proposed Writs of Sequestration that Plaintiff provided with its motions.

New Orleans, Louisiana, this 8th day of December, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE