UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ATLANTIC MARITIME SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO. 20-3097<br>C/W: 20-3099 |
| ECOPETROL AMERICA, LLC ET AL. | SECTION: "J"(1) |
| Applies to: 20-3097, 20-3099 | |

## ORDER AND REASONS

Before the Court are three *Motions to Dismiss* filed by Intervenor-Defendant Talos QN Exploration LLC and Defendant Talos Energy Offshore LLC **(Rec. Doc. 78)**, Defendant Ecopetrol America, LLC **(Rec. Doc. 79)**, and Defendants Ridgewood Katmai, LLC and ILX Prospect Katmai, LLC **(Rec. Doc. 81)**. Plaintiff Atlantic Maritime Services, LLC opposed these motions (Rec. Docs. 85, 95), and Defendants filed replies (Rec. Docs. 87, 91, 104).

Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions to dismiss should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This consolidated matter arises from two offshore oil leases for which Plaintiff Atlantic Maritime Services, LLC performed drilling services in 2020. Plaintiff undertook these services pursuant to a contract between Plaintiff and the designated operator on the two leases at the time, Fieldwood Energy LLC ("Fieldwood").

1

Subsequently, Fieldwood filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, and Plaintiff alleges that it is still owed the following principal amounts: (1) $5,824,743.68 for services performed on mineral lease OCS-G-28030 located in the Mississippi Canyon Area, Block 948, of the Outer Continental Shelf adjacent to the coast of Louisiana ("the Gunflint Lease"), a lease in which Defendants Ecopetrol America, LLC ("Ecopetrol") and Talos Energy Offshore LLC ("TEO"), along with Intervenor-Defendant Talos QN Exploration LLC ("Talos QN"), are interest owners; and (2) $7,111,706.55 for services performed on mineral lease OCS-G-34536 located on the Green Canyon Area, Block 40 ("the Katmai Lease"), in which Defendants Ridgewood Katmai, LLC ("Ridgewood") and ILX Prospect Katmai, LLC ("ILX"), again with Intervenor-Defendant Talos QN, are working interest owners. After completing the drilling services, Plaintiff took steps to perfect and preserve its privileges (or liens) against the two leases pursuant to the Louisiana Oil Well Lien Act ("LOWLA").

Because Plaintiff could not recover the amounts it was owed from Fieldwood, the former operating interest owner on both leases, Plaintiff sought to recover the amounts from the working interest owners ("WIOs") in the leases. To this end, Plaintiff initiated two *in rem* actions (pertaining to the two leases) in this Court on November 13, 2020, against the WIOs, Defendants Ecopetrol, Ridgewood, and ILX.[1] Shortly thereafter, Ecopetrol, Ridgewood, and ILX filed Notices of Bankruptcy into

---

[1] Plaintiff later named TEO as a defendant in its first amended complaint, which was filed in July of 2021.

2

the records, and the Court issued an automatic stay of both cases. In April of 2021, Fieldwood sought a declaratory judgment from the Bankruptcy Court holding that Plaintiff's LOWLA privileges would be extinguished by Fieldwood's bankruptcy plan. Also during this time, the Bankruptcy Court confirmed Fieldwood's Eighth Amended Joint Chapter 11 Plan, under which QuarterNorth, which is now Talos QN Exploration LLC, purchased Fieldwood's assets. In February of 2022, the Bankruptcy Court permanently enjoined Plaintiff's *in rem* actions against Defendants, the WIOs, an order which Plaintiff appealed and which the Fifth Circuit reversed. Pursuant to the Fifth Circuit's decision, the stays in the cases before this Court were lifted, and the suits were consolidated.

In the instant motions, Defendants move to dismiss Plaintiff's claims on the following grounds: (1) under Federal Rules of Civil Procedure Rule 12(b)(5) for untimely service of process;[2] and (2) under Rule 12(b)(6) because Defendants claim that (i) Plaintiff failed to allege sufficient facts to establish that Louisiana is the adjacent state to the oil leases for Outer Continental Shelf Lands Act ("OCSLA") purposes; (ii) Plaintiff failed to perfect its privileges as to Defendants; and (iii) because federal law precludes the relief that Plaintiff seeks. Lastly, Defendants move to dismiss Plaintiff's claims under Rules 12(b)(7) and 19 for failure to join the United States Department of the Interior, which Defendants claim is an indispensable party. The Court previously considered and rejected all of these arguments except for the

---

[2] Two Defendants, Ridgewood Katmai, LLC and ILX Prospect Katmai, LLC, did not advance this argument regarding untimely service of process in their motion to dismiss (Rec. Doc. 81) but instead relied on the other grounds for dismissal, all of which the Court has previously rejected.

first (untimely service of process) when it ruled on Defendants' motions to vacate and dissolve the writs of sequestration in this matter. *See* Rec. Doc. 110. Therefore, the Court will consider only Defendants' first argument in ruling on the motions to dismiss.

## **LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure challenges the mode of delivery or lack of delivery of the summons and complaint. A 12(b)(5) motion turns on the legal sufficiency of the service of process. When a defendant brings a Rule 12(b)(5) challenge, the plaintiff bears the burden of establishing that service of process was valid. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992) (citation omitted). A district court has broad discretion to dismiss an action pursuant to Rule 12(b)(5) for insufficient service of process. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (citing *George v. U.S. Dep't of Lab.*, 788 F.2d 1115, 1116 (5th Cir. 1986)).

The procedural requirements for proper service are set forth in Rule 4 of the Federal Rules of Civil Procedure, and Rule 4(m) gives a plaintiff ninety days after filing the complaint to serve the defendant. Under Rule 4(m), when a plaintiff fails to serve a defendant within the ninety-day period, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, the plaintiff shows good cause for the failure, "the court must extend the time for service for an appropriate period." *Id.* To establish good cause, the party who allegedly made insufficient service of process

must show "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Sys. Signs Supplies v. U.S. Dep't of Just., Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (citation omitted).

Nonetheless, even absent a good cause finding, the Fifth Circuit has counseled that a district court may still assess the fairness of an extension for proper service. *See Thompson v. Brown*, 91 F.3d 20, 22 (5th Cir. 1996). To that end, the Court may exercise its "broad discretion" to construe a motion to dismiss pursuant to Rule 12(b)(5) as a motion to quash service. *See, e.g., U.S. Fire Ins. Co. v. Miller,* 2002 WL 31886812, at *2 (E.D. La. Dec. 18, 2002) (citing 5B *Wright & Miller's Federal Practice & Procedure* § 1353 (2d ed.1990)). When there is "a reasonable prospect that plaintiff ultimately will be able to serve defendant properly," the appropriate course of action is to quash service and allow the plaintiff an opportunity to effect proper service, thus preserving the matter before the court. *Thomas v. New Leaders for New Schs.*, 278 F.R.D. 347, 352 (E.D. La. 2011) (citing 5B *Wright & Miller's Federal Practice & Procedure* § 1354 (3d ed. 2004)); *see also Amir El v. Louisiana State*, No. 16-2125, 2016 WL 6563403, at *2 (E.D. La. Nov. 4, 2016) (citation omitted) (refusing to dismiss action where service is "insufficient but curable").

## DISCUSSION

Defendants in this matter filed separate motions to dismiss, as did Intervenor-Defendant and Operator on the leases, Talos QN Exploration LLC. Because Defendants make identical arguments, except that Ridgewood and ILX did not move

to dismiss for untimely service of process, the Court has consolidated the motions for consideration.

Defendants urge the Court to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(5) based on untimely service of process. Specifically, Defendants allege, and Plaintiff does not dispute, that they were not served until September of 2025, which was more than five years after Plaintiff filed the initial complaints in these consolidated matters. Clearly, Plaintiff's service of process on Defendants did not occur within ninety days of Plaintiff's filing its initial complaints and, therefore, was not timely. Plaintiff argues, however, that good cause exists for its failure to serve Defendants timely.

In looking at the record, the Court agrees with Plaintiff. Plaintiff filed its initial complaints against Ecopetrol (in 20-3097) and Ridgewood and ILX (in 20-3099) on November 13, 2020, and subsequently filed motions for writs of sequestration pursuant to the Louisiana Oil Well Lien Act on November 19th. Defendants filed their oppositions to Plaintiff's motions for writs of sequestration on November 20, 2020, which is the same day that Plaintiff requested that summonses be issued for Ecopetrol, Ridgewood, and ILX. The Clerk of Court for the Eastern District of Louisiana issued the requested summonses as to Ridgewood and ILX on November 20, 2020, and as to Ecopetrol on November 23. Only two days later on November 25, Defendants filed Notices of Bankruptcy into both records. In these notices, Defendants emphasized that the order by the Bankruptcy Court for the Southern District of Texas "specifically restrain[ed] and enjoin[ed] the above-referenced matter

6

from proceeding for the duration of the Stay." (No. 20-3097, Rec. Doc. 12, at 1; No. 20-3099, Rec. Doc. 15, at 1). Apparently, this notice was filed before Plaintiff had effected service against any of the defendants. At the same time, however, Defendants indisputably had actual notice of the proceedings because they had made more than one appearance on the records at that point.[3]

In February of 2022, the Bankruptcy Court issued a permanent injunction against Plaintiff's *in rem* actions against Defendants, an order which Plaintiff appealed and which the Fifth Circuit reversed and remanded on June 11, 2025. On remand, the Honorable Judge Marvin Isgur issued his ruling on September 4, 2025, thus allowing the instant cases to proceed. In Defendants' motions to dismiss, they claim that Plaintiff served them with process in September of 2025, which would have been shortly after the permanent injunction was vacated.

It is undisputed that Plaintiff failed to serve Defendants within the ninety-day period required by Rule 4(m). However, the Court finds that good cause existed for Plaintiff's delay, namely the automatic stay of the proceedings and eventually the permanent injunction. Defendants contend the automatic stay did not prevent Plaintiff from (1) effecting service of process, (2) seeking an extension of the service deadline from this Court, or (3) from seeking an order from Judge Isgur to modify the stay to allow Atlantic Maritime to serve Defendants. While all of these contentions

---

[3] "The defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." Way v. Mueller Brass Co., 840 F.2d 303, 306 (5th Cir. 1988). The Court considers Defendants' actual notice as only one factor in determining whether to exercise its discretion regarding service of process in this matter.

7

might be true, the fact remains that Plaintiff was enjoined from proceeding in the matters before this Court for the duration of the stay. Furthermore, while actual notice does not obviate the need for proper and sufficient service of process, all Defendants had actual notice and had made appearances on the records of both cases, suggesting that Defendants have not been prejudiced by Plaintiff's failure to effectuate timely service.

Finally, when the permanent injunction issued by the Bankruptcy Court was vacated, Plaintiff had Defendants served almost immediately, according to the parties' memoranda. The Court cannot verify the date of service because Plaintiff neglected to file proof of service into the record; however, because Defendants aver that they were served in September 2025, the Court will assume that is when service took place. Based on the totality of the circumstances, Plaintiff's failure to timely serve Defendants constitutes, at worst, excusable neglect, and it seems clear that "simple inadvertence or mistake of counsel or ignorance of the rules" was not involved. Moreover, as Plaintiff acknowledges, allowing Defendants to use a stay that was instituted on their behalf to defeat Plaintiff's claims based on a procedural deficiency would constitute a grave miscarriage of justice. See Rec. Doc. 85, at 20 ("It bears emphasis that the years-long injunction of these cases was at the urging of some of the very same parties who now raise delay in service as a defense.")

In ruling on a typical Rule 12(b)(5) motion, the Court would treat the motion as a motion to quash service and allow Plaintiff another opportunity to effectuate service on Defendants. However, according to Defendants, they were already served

in September of 2025. Therefore, the Court will simply deny the motions to dismiss and order Plaintiff to file proof of service into the record not later than Tuesday, March 17, 2026. Defendants will have 21 days from the date of this Order to file their answers to Plaintiff's verified consolidated complaint.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motions to Dismiss* **(Rec. Docs. 78, 79, 81)** are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file proof of service on all Defendants into the record not later than **Tuesday, March 17, 2026**.

New Orleans, Louisiana, this 10th day of March, 2026.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE